## DISTRICT OF COLUMBIA *vs.* REUTER.

### Intoxicating Liquors; Statutes.

1. The Act of Congress of March 3, 1899, making it unlawful for any maker, brewer, or distiller of beer or other intoxicating liquors in the District of Columbia, "or other person or corporation," or the agents or servants of such maker, brewer or distiller outside of the District, or other person or corporation, to sell or deal in beer or intoxicating liquor in the District on Sunday, does not apply to keepers of duly licensed hotels having a barroom license.
2. The purpose of such Act of Congress of March 3, 1899, was to prohibit the sale or delivery of intoxicating liquors on Sunday by makers, brewers and distillers, and all other persons similarly situated; and that act does not repeal the provision of the Act of Congress of March 3, 1893, allowing hotels to sell liquors to *bona fide* guests at their meals or in their rooms.

No 902. Submitted June 9, 1899. Decided June 13, 1899.

In error to the Police Court of the District of Columbia. *Judgment affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. A. B. Duvall,* Attorney for the District of Columbia, and *Mr. Clarence A. Brandenburg,* Assistant Attorney, for the plaintiff in error.

*Mr. A. A. Birney* for the defendant in error.

Mr. Justice Morris delivered the opinion of the Court:

This is an appeal by the District of Columbia from a judgment of the Police Court of the District.

An information was filed in the Police Court against the appellee, Fritz Reuter, charging him with the sale of intoxicating liquors on Sunday, the 9th day of April, 1899, in violation, as it was alleged, of the Act of Congress of March 3, 1899, entitled "An Act to prevent the sale of intoxicating

liquors on Sunday in the District of Columbia," (30 Stat. 1013). Upon a plea of not guilty, trial was had before a jury, in the course of which it appeared that the appellee kept a regularly licensed hotel in this city, and had a barroom license for the sale of intoxicating liquors therein under the provisions of the Act of Congress of March 3, 1893 (27 Stat. 563); that on April 9, 1899, which was a Sunday, two police-men went into the restaurant or dining room of his hotel, took a seat at a table, and ordered refreshments, which were supplied to them, consisting of a bowl of soup, bread and butter, two bottles of beer, and one cigar, for which they paid at the rate of forty cents for the soup, thirty cents for the beer, and five cents for the cigar; and that they did not register.    What other testimony there was does not appear. Thereupon the court was requested on behalf of the appellee to instruct the jury that the Act of March 3, 1899, under which the information was filed, did not apply to keepers of duly licensed hotels having a barroom license; and that, therefore, the jury should be instructed to return a verdict for the defendant, the appellee, which was accordingly done.

A bill of exceptions in due form was taken on behalf of the District of Columbia; and an appeal thereon was allowed to this court.

The Act of Congress of March 3, 1899, in pursuance of which the proceedings against the appellee were had, is in the following terms:

"*Be it enacted, etc.,* That it shall be unlawful for any maker, brewer, or distiller of beer or other intoxicating liquors in the District of Columbia, or other person or cor-poration, or the agent or servant of any such maker, brewer, or distiller of beer or other intoxicating liquors outside of said District, or other person or corporation, to sell or de-liver any beer or other intoxicating liquors in the District of Columbia on the first day of the week, commonly called Sunday.

"Sec. 2. That any person violating the provisions of this

act shall on conviction thereof in the Police Court in the name of the District of Columbia be punished by a fine of not less than fifty dollars nor more than five hundred dollars for each and every offense."

And the title of the act, to which some importance has been attached in the argument, is "An Act to prevent the sale of intoxicating liquors on Sunday in the District of Columbia."

The contention is that the words "other person or corporation," which it seems were not in the original draft of the act, but were introduced by way of amendment, while it was pending before one of the Houses of Congress, have the effect of making the act operate as a general prohibition against the sale of intoxicating liquors on Sunday in the District of Columbia by any person whomsoever; and that to that extent this later enactment operates as a repeal of the act of March 3, 1893, entitled "An Act regulating the sale of intoxicating liquors in the District of Columbia." But we can not admit that this contention is well-founded, or that it is supported either by reason or by authority.

If it was the purpose of Congress in the act of March 3, 1899, to prohibit the sale of intoxicating liquors by any person whomsoever on Sunday, it would have been easy to say so, and it cauld have been said even in fewer words than have been used in the statute.   It is beyond comprehension why a limited class of persons, such as the makers, brewers, and distillers of intoxicating liquors, should first be enumerated as the persons upon whom the prohibition should operate, if the intention of Congress was to make the prohibition universal against all persons in the District of Columbia.   To interpret the act as a general prohibition upon all persons would be virtually to attribute to Congress a purpose to enact the most vicious kind of legislation, a class of legislation devoid of honesty and designed to entrap the unwary.   We can not think that there was any such purpose on the part of the legislative body; and we do not

think that any such purpose is evidenced by the act itself or by the circumstances which seem to have called it into existence.

No importance is to be attached in these cases to mere phraseology apart from the spirit and the purpose of the legislation in question. Consequently the fact that the act of March 3, 1893, was an act in terms to *regulate* the sale of intoxicating liquors in the District, while the act of March 3, 1899, was one professedly to *prevent* the sale of such liquors on Sunday, can not be given much consideration in their construction. Neither can we attach importance to the fact that in the later statute the word used is *"prevent,"* not the more appropriate word *"prohibit,"* if the intention had been to produce a total prohibition. In either case, *prevention* or *prohibition* of sale on Sunday is no more than *regulation.* The two statutes are to be taken together; and they may well stand together.

But greater importance may be attached to the fact that the words "other person or corporation," upon which the whole argument on behalf of the appellant is based, are repeated in the statute in question, when the repetition is utterly meaningless and absurd, if the words themselves are to have the significance claimed for them. If brewers *and all other persons* in the District of Columbia are forbidden to sell liquor on Sunday, what is the sense of adding that the agents of brewers outside of the District *and all other persons* are also forbidden?

The case is evidently and eminently a proper one in which to apply the rule of construction laid down by the English courts in the cases of *Sandiman* v. *Brenck*, 7 B. & C. 99, and *Regina* v. *Whitnash*, 7 B. & C. 596, and by repeated decisions of the Supreme Court of the United States (*Alabama* v. *Montague*, 117 U. S. 602; *Holy Trinity Church* v. *United States*, 143 U. S. 457; *United States* v. *Laws*, 163 U. S. 258), to the effect that "where a statute or other document enumerates several classes of persons or things, and immediately following and

classed with such enumeration, the clause embraces '*other*' persons or things, the word '*other*' will generally be read as 'other such like,' so that persons or things therein comprised may be read as *ejusdem generis* with, and not of a quality superior to or different from those specifically enumerated." This rule, of course, is to be taken with the general qualification that it is to be applied so as to carry into effect the spirit and purpose of the legislative enactment, and not to contravene them. But the spirit and purpose of the legislature themselves in the first instance generally dictate the restricted application of the word or words of a general nature, for the reason that generally there would be no necessity whatever for the use of the special enumeration, if the general words superadded were intended to have a broader scope. As was said by Lord Kenyon, in the case of *Rex* v. *Wallace*, 5 Term Rep. 379, "if the legislature had meant the general words to apply without restriction, it would have used only one compendious word." The broader and more comprehensive signification will be given where the special enumeration is merely illustrative, or where it exhausts a genus.

Certainly in the present case no such meaning should be attributed to the words in question as would have the effect of repealing the act of March 3, 1893. Repeal by implication is not favored. A statute, in order to have the effect of repealing a previous statute, must either purport to do so in terms, or be so clearly inconsistent with it as that both can not stand together. There is here no question of express repeal; for the act of March 3, 1899, does not purport to repeal anything. On the contrary, when we look into the debates in Congress on the occasion of the passage of this act, which may be done to gain some light as to the meaning of the legislature in its enactment, we find no purpose whatever to repeal any previous enactment, but, on the contrary, a studious purpose to avoid any such thing as a repeal of existing law; except, of course, in so far as the measure under

15 Ct. App.—17

consideration applied to the persons who were intended to be affected thereby, that is, the makers of intoxicating liquors and others of the same class.    Nor is the act itself inconsistent with the act of March 3, 1893, in the matter of the sale of liquor on Sunday by persons in the situation of the appellee.

The act of March 3, 1893, provided that no intoxicating liquor should be sold in the District of Columbia except in pursuance of a license issued therefor and by persons so licensed; but it specially provided that the act should not apply "to sales by the maker, brewer, or distiller (of intoxicating liquors) not to be drunk upon the premises."    In the sixth section it was provided that no intoxicating liquors should be sold under the licenses provided to be issued "between twelve o'clock midnight and four o'clock in the morning, during which last-named hours and on Sundays every barroom and other place where intoxicating liquors are sold shall be kept closed, and no intoxicating liquors sold: *provided*, that the keeper of any hotel or tavern having a license under this act, may sell intoxicating liquors to *bona fide* registered guests in his hotel or tavern at the meals or in the rooms of such guests."    The makers, brewers, and distillers of intoxicating liquors, therefore, were exempted from the operation of the act; and it may be greatly doubted whether under it they did not have the right to sell their productions on Sunday without restraint and without license.    At all events, as it would seem, some of them abused their privilege and evaded the purpose, if not the letter of the law, by delivering on Sundays the liquors which they had sold, or which they had contracted to sell, on other days of the week; and evil disposed persons availed themselves of the opportunity to indulge in riotousness and intemperance.    It was this abuse which it was confessedly sought to prevent; and so far as it is competent to prevent this abuse the statute should receive a most liberal interpretation as a remedial statute. *Lauer* v. *District of Columbia*, 11 App. D. C. 453; *Jennings* v.

*Webb*, 8 App. D. C. 5.    For, if it were found that other than the makers, brewers, or distillers of intoxicating liquors—others of the same class, similarly situated, or under similar circumstances—were co-operating in the perpetration of the same abuse—then, undoubtedly, the law would apply to all such persons.

The act of March 3, 1899, by its express terms and the very purpose of the act, was intended to apply to a class or classes of persons, and to conditions, excepted from the act of March 3, 1893, or supposed not to have been included in it; and there is neither necessity nor reason for the application of the later act to persons and conditions fully covered by the act of March 3, 1893.    The proviso of the sixth section of the act of March 3, 1893, was evidently a carefully prepared and well-guarded reservation of natural right and individual freedom, made in the course of an attempt to regulate the use of an article which it is the right and has been the custom of the human race through all ages to use, but which has so often proved to be injurious and dangerous in its effects.    The right reserved, although in terms the right of the keeper of the hotel or tavern, is in substance the right of the individual guest who for the time being occupies the hotel or tavern as his own house, and is entitled to be exempted from the restriction of sumptuary legislation.    Whenever the interests of society demand, if ever they should, that this restriction should be imposed, and the corresponding right denied by statutory enactment, such enactment should be expressed in no doubtful terms. Certainly it should not be the constructive result of what is, at most, no more than a doubtful implication.

But we have no doubt upon the subject.    We are entirely satisfied that, in the act of March 3, 1899, the Congress had no purpose to repeal in any manner any of the provisions of the act of March 3, 1893, except in so far as that act exempted makers, brewers, and distillers of intoxicating liquors from its own operation; and that the sole purpose of the act of 1899 was to prohibit sale or delivery

of intoxicating liquors on Sunday by makers, brewers and distillers, and all other persons who might be similarly situated with them with regard to such liquor. And we think that it was not intended by the act of 1899 in any manner to affect the rights or privileges enjoyed by hotel keepers under the provisions of the act of 1893.

There is a suggestion of a want of good faith in this case in the fact that the persons who became guests of the appellee's hotel or tavern did not register, and that the quantity of intoxicating liquor sold with their meal bears a very large proportion to the rest of the meal. And there is a similar suggestion in connection with the fact that the guests thus served were policemen, who may be suspected to have gone into the place with the view of making up a case for the courts. We held in the case of *Lauer* v. *District of Columbia*, 11 App. D. C. 453, in reference to the act of March 3, 1893, that the effect of the statute could not be escaped by a mere device. But it is not apparent that there was here any device to escape the law. The testimony recited in the bill of exception does not purport to be the whole testimony in the case; and the prosecution is not for violation of the act of March 3, 1893, but for violation of the act of March 3, 1899. It seems to be conceded on both sides that the substantial purpose of the proceeding is to test the question whether the act of 1899 is, as claimed, a repeal *pro tanto* of the act of 1893.

We are of opinion that there was no error in the ruling of the justice holding the Police Court in this case; and that he was entirely right in his instruction to the jury, that the Act of Congress of March 3, 1899, under which the information against the appellee was filed, does not apply to duly licensed hotels having a barroom license, and that the act of March 3, 1899, does not repeal the act of March 3, 1893, allowing hotels to sell liquors to their *bona fide* guests at their meals or in their rooms.

The judgment appealed from will therefore be *affirmed. And it is so ordered.*